IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAUL CAVILLO,

        Petitioner,

v.

ACTING WARDEN JOHNSTON,

        Respondent.

Case No. 3:25-CV-2115-NJR

# ORDER

**ROSENSTENGEL, District Judge:**

    Petitioner Raul Cavillo, an inmate of the Federal Bureau of Prisons (BOP) currently housed at FCI Greenville within the Southern District of Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Cavillo claims the BOP has improperly calculated the commencement date of his sentence and refused to apply his First Step Act credits toward his sentence. *Id.* He argues he should immediately be released. *Id.* Cavillo claims he has exhausted his administrative remedies. *Id.*

    This matter is now before the Court for preliminary review.[1] Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to

---

[1] Cavillo has also moved to supplement the record. (Doc. 6). He seeks to file a copy of the BOP central office's denial of his administrative remedy appeal, dated December 4, 2025, seemingly out of an abundance of caution. (Docs. 6, 6-1). He explains that, when he filed his petition on November 25, 2025, the central office had not yet responded to his appeal. (Doc. 6, at 1–2). A prisoner's administrative appeal is considered denied if the central office does not respond to an appeal within (at most) 60 days of its receipt. *See* 28 C.F.R. § 542.18. Here, Cavillo's appeal was received by the central office on September 26, 2025. (Doc. 6-1, at 3). Thus, on November 25, 2025, Cavillo argues he was entitled to consider the lack of response as a denial. (Doc. 6, at 1–2). Nevertheless, he wishes to file a copy of the denial to forestall potential arguments that his remedies were not exhausted. *Id.* at 2. Without commenting on the merits of Cavillo's argument or whether his remedies have been exhausted, the Court **GRANTS** Cavillo's motion.

apply the rules to other habeas corpus cases.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). An inmate can challenge the calculation of his sentence, including the application of time credits, in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012).

The Court has reviewed Cavillo's petition and, without commenting on the merits of his claims, finds it is not plainly apparent that Cavillo is not entitled to relief. Accordingly, the Court **ORDERS** Respondent Acting Warden Johnston to answer or otherwise plead on or before **March 11, 2026**. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Cavillo is **ADVISED** of his continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his whereabouts while this action is pending. This notification must be done in writing and no later than **14 days** after a transfer or other change in address occurs. Failure to provide notice may result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:   February 9, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**